IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | Case No.: 1:10-cv-01158 JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Walter Harris ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action against the California Department of Corrections and the following individuals at Corcoran State Prison ("CSP"): Physicians Assistant Peters, Chief Medical Officer Enenmoh, Registered Nurse M. Paat, and Assistant Warden J. Renoso (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1.) On June 28, 2010, Plaintiff filed his Complaint (*Id*.), which is now before the Court for screening.

**I. Screening Requirement**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

1

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**II.  Pleading Standards**

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id*. at 1950.

///
///
///
///
///

**III.  Plaintiff's Factual Allegations**

Plaintiff alleges he ruptured his right Achilles tendon several weeks before November 3, 2008.[1] (Doc. 1 at 3.) He reported to the medical clinic at Corcoran State Prison where he was housed and was examined by the nurse on duty. (*Id*.) Plaintiff underwent an MRI which confirmed the rupture. (*Id*.) After Dr. Smith examined Plaintiff on November 3, 2008, Dr. Smith concluded that Plaintiff needed surgery urgently. (*Id*.) Dr. Smith conducted the surgery on November 6, 2008, after which Dr. Smith placed Plaintiff in a short cast. (*Id*.) Dr. Smith removed Plaintiff's cast on February 9, 2009 and referred him for physical therapy. (*Id*.) When Plaintiff returned to Dr. Smith for a follow-up appointment on March 9, 2009, Plaintiff told him he had yet to receive physical therapy, so Dr. Smith referred him once again. (*Id*.)

Plaintiff maintains his right Achilles tendon began experiencing swelling on April 20, 2009. (Doc. 1 at 3.) He received physical therapy on May 12, 2009, May 14, 2009, and May 21, 2009. (*Id*. at 4.) Plaintiff alleges he was then told "[he] was being cut from therapy to save the state money." (*Id*.) He contends the lack of physical therapy left him with a permanent mobility impairment. (*Id*.) According to Plaintiff, "[t]he sensitivity and pain keeps him from walking or standing for any period of time." (*Id*.) As a result, Plaintiff contends Defendants violated his Eighth Amendment rights and committed negligence. (Doc. 1.)

**IV.  Discussion and Analysis**

   **A.  42 U.S.C. § 1983 Claims**

Title 42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if

---

[1] Though Plaintiff alleges that the rupture occurred on November 3, 2008, the MRI report demonstrates that the MRI was conducted on October 27, 2008. (Doc. 1 at 9) Likewise, Plaintiff reported to Dr. Smith on November 3, 2008, that "a couple weeks ago [he] heard a loud pop. He felt a sharp pain in his achilles tendon area." Id. at 6.

3

such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### 1. Failure to allege a causal connection

Title 42, § 1983 of the United States Code requires that there be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691-92 (1978); *Rizzo*, 423 U.S. at 370-71; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). In order to state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." *Johnson*, 588 F. 2d at 743-44. The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

In this case, Plaintiff names the California Department of Corrections and CSP Physicians Assistant Peters, Chief Medical Officer Enenmoh, Registered Nurse M. Paat, and Assistant Warden J. Renoso as defendants (Doc. 1 at 1); however, Plaintiff fails to even mention their names within the body of the Complaint, let alone attribute specific constitutional violations to them. Consequently, Plaintiff has failed to state a cognizable constitutional claim against any of the defendants and the complaint must be **DISMISSED**.

### 2. Eleventh Amendment Immunity

Plaintiff names the California Department of Corrections as a defendant. (Doc. 1 at 1.) In the absence of consent, the Eleventh Amendment prohibits suits in which the State or one of its agencies or departments in named as a defendant. *Pennhurst State School & Hosp. V. Halderman*, 465 U.S. 89, 101 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Because the California Department of Corrections is a state agency that has not consented to suit in federal court, it is entitled to Eleventh Amendment immunity from suit. *See, e.g.*, *Lolmaugh v. California*, 2011 U.S. Dist. LEXIS 55633, at *4 (E.D. Cal. May 23, 2011)("the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit."); *Ring v. California*, 2011 U.S. Dist. LEXIS 39629, at *8 (E.D. Cal. Apr. 4, 2011)(same). Consequently, Plaintiff has not stated a cognizable claim against the California Department of Corrections and Rehabilitation and any claim against this agency must be **DISMISSED**.

### B. Eighth Amendment Protections

Plaintiff's claims arise under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The government has an obligation to provide those they incarcerate with adequate medical care and will be subject to liability for failure to do so. *Estelle*, 429 U.S. at 102. "Although accidental or inadvertent failure to provide adequate medical care to a prisoner [does] not violate the Eighth Amendment, 'deliberate indifference to serious medical needs of prisoners'" is unconstittuional because it constitutes "the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993) (quoting *Estelle*, 429 U.S. at 104); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."). In order to establish an Eighth Amendment violation, a plaintiff must first "objectively show that he was deprived of something sufficiently serious[]" and then subjectively show "the deprivation occurred with deliberate indifference to the inmate's health or safety." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Lopez v. Smith*, 203 F.3d

1122, 1132-33 (9th Cir. 2000) (Eighth Amendment claim must meet both objective and subjective requirement).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Although the requirement is less stringent in regard to medical care, "because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns," *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing *McGuckin*, 974 F.2d at 1060), deliberate indifference is not met through a showing of medical malpractice and requires "more than mere negligence or isolated occurrences of neglect." *Wood*, 900 F.2d 1334; *see also Toguchi*, 391 F.3d at 1060; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (mere medical malpractice insufficient to constitute Eighth Amendment violation); *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988).

Deliberate indifference may occur "when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett*, 439 F.3d at 1096 (internal quotation marks and citations omitted). In order to establish deliberate indifference, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*; *McGuckin*, 974 F.2d at 1060.

In order for a prison official to be held liable, they "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Where a defendant should have been aware of the risk of substantial harm but was not, "the person has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002) (emphasis omitted).

Here, Plaintiff merely asserts "[t]he medical staff and the above named defendants have acted with deliberate indifference to [his] medical needs . . . violating [his] Eighth Amendment civil right to adequate medical care." (Doc. 1 at 4.) He fails to plead any facts alleging how each named defendant is responsible for his failure to receive a fuller course of physical therapy. Because an allegation of deliberate indifference with nothing more fails to rise to the level of a constitutional

claim, Plaintiff has failed to state a cognizable Eighth Amendment claim against any of the defendants and the complaint must be **DISMISSED**.

### C. Negligence

Plaintiff's remaining claims are state law claims of negligence under California Government Code section 844.6. Plaintiff alleges all Defendants acted "with medical negligence and malice intent" toward his medical needs. (Doc. 1 at 4.) He asserts "[t]heir negligence in this matter has left [him] severely impaired." (*Id.*)

California Government Code section 844.6 states a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003); *accord Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1090 (E.D. Cal. 2010).

Tort claims against public entities and their employees are governed by the California Tort Claims Act, which states "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected." Cal. Gov't Code §§ 945.4, 945.6; *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1224-25 (E.D. Cal. 2009) (internal quotation marks and citations omitted). Under this Act, tort claims against public entities or employees must be presented within six months of the accrual of the cause of action. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-50.2. The purposes of this Act are to:

> (1) give the governmental entity an opportunity to settle just claims before suit is brought, (2) permit the entity to make an early investigation of the facts on which a claim is based, thus enabling it to defend itself against unjust claims and to correct the conditions or practices which gave rise to the claim; and (3) avoid multiple suits arising out of the same transaction or occurrence and thus further the goal of judicial economy.

*Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1173 (E.D. Cal. 2005) (internal quotation marks and citations omitted).

1   "A plaintiff's supplemental state law claims against a California public agency are barred
2 unless the plaintiff has complied with the requirements of the Tort Claims Act before commencing a
3 civil action." *Creighton*, 628 F. Supp. 2d at 1224-25 (citing *Mangold v. Cal. Pub. Util. Comm'n,* 67
4 F.3d 1470, 1477 (9th Cir.1995)). Here, Plaintiff failed to allege compliance within his Complaint.
5 (Doc. 1.) Consequently, all state law claims must be **DISMISSED**.

6 **V. Conclusion and Order**

7   Based on the foregoing, the Court finds Plaintiff failed to state a claim for relief under § 1983
8 or California Government Code section 844.6. Specifically, Plaintiff failed to allege facts indicating
9 Defendants were deliberately indifferent to his serious medical needs as required for an Eighth
10 Amendment violation and failed to allege compliance with the California Tort Claims Act as
11 required for a negligence claim.

12   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the
13 deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
14 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named
15 defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*,
16 129 S. Ct. at 1948-49; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Although accepted as
17 true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
18 ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

19   Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth*,
20 114 F.3d at 1474; *King*, 814 F.2d at 567. In addition, the amended complaint must be "complete in
21 itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned
22 that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended
23 complaint are waived." *King*, 814 F.2d at 567, (citing *London v. Coopers & Lybrand*, 644 F2d 811,
24 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

25   Accordingly, it is **HEREBY ORDERED** that:
26   1.   Plaintiff's Complaint is **DISMISSED**, with leave to amend;
27   2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
28   3.   Within **30 days** from the date of service of this order, Plaintiff must file an

amended complaint curing the deficiencies identified by the Court in this order.

    4.    <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **June 13, 2011**                                              /s/ Jennifer L. Thurston
                                                                                  UNITED STATES MAGISTRATE JUDGE