IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HARRIS, | Case No. 1:10-cv-01158 JLT (PC) |
| Plaintiff, | ORDER DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO KEEP THE COURT APPRISED OF HIS CURRENT ADDRESS |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed June 14, 2011, the Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 9.) However, on June 23, 2011, the Court's order was returned as undeliverable by mail due to deficiencies in Plaintiff's address.

Pursuant to Local Rule 183(b), a party appearing in propria persona such as Plaintiff is required to keep the Court apprised of his current address at all times. Specifically, Local Rule 183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Over sixty-three days have passed since Plaintiff's mail was returned as undeliverable in this case, and Plaintiff has failed to notify the Court of his current address.

"District courts have inherent power to control their dockets," and in exercising that power, a

1  court may impose sanctions including dismissal of an action.  Thompson v. Housing Authority of Los
2  Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a
3  party's failure to prosecute an action or failure to obey a court order, or failure to comply with local
4  rules.  See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
5  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128,
6  130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d
7  1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

8       In determining whether to dismiss an action for failure to comply with the Local Rules or to obey
9  a court order, the court must consider several factors, including: "(1) the public's interest in expeditious
10 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
11 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
12 of less drastic sanctions."  Henderson, 779 F.2d at 1423-24; see also Ferdik, 963 F.2d at 1260-61;
13 Thompson, 782 F.2d at 831.

14      In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's
15 interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also
16 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable
17 delay in prosecution of an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The
18 policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.
19 Notably, the Court alerted Plaintiff of the consequences of his failure to amend his complaint (Doc. 9
20 at 9) and the consequences for failure to comply with the Local Rules.  (Doc. 3 at 1)  In particular the
21 Court warned Plaintiff,

22 > A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 182(f). If a plaintiff moves and fails to file a notice of
23 > change of address, service of court orders at plaintiff's prior address shall constitute effective notice. Id. If mail directed to plaintiff is returned by the U.S. Postal Service as
24 > undeliverable, the court will not attempt to re-mail it. If the address is not updated within sixty days of the mail being returned, the action will be dismissed for failure to prosecute.
25 > Local Rule 183(b).  A Notice of Change of Address form is attached hereto.

26 (Doc. 3 at 5, emphasis in the original.)  Thus, Plaintiff had adequate warning that dismissal would result
27 from his noncompliance with the Court's order.

28      Accordingly, pursuant to Local Rule 183(b), **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED** without prejudice for Plaintiff's failure to keep the Court apprised of his current address; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 7, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                                                  UNITED STATES MAGISTRATE JUDGE